UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ERIC STRAUSS,<br><br>Defendant. | NO. MJ22- 140<br><br>COMPLAINT FOR VIOLATIONS<br><br>18 U.S.C. § 922(g)(1)<br>21 U.S.C. § 841(a)(1), (b)(1)(B)<br>18 U.S.C. § 924(c)(1)(A)(i). |

BEFORE Mary Alice Theiler, United States Magistrate Judge, United States Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT 1

**(Unlawful Possession of a Firearm)**

On or about March 11, 2021, in King County, within the Western District of Washington, STEVEN ERIC STRAUSS, knowing that he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

    *i.* *Unlawful Possession of a Firearm in the Second Degree,* in Pierce County Superior Court, under cause number 14-1-04164-2, on or about September 14, 2015; and

*United States v. Strauss*
USAO No. 2022R00389 - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      *ii.*    *Violation of the Uniform Controlled Substances Act Possession of Heroin with Intent to Deliver,* in Pierce County Superior Court, under cause number 14-1-04164-2, on or about September 14, 2015;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is: a Ruger, Model 10/22, .22LR caliber rifle, that had been shipped and transported in interstate and foreign commerce.

    All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 2

### (Possession of a Controlled Substance with Intent to Distribute)

    On or about March 11, 2021, in King County, within the Western District of Washington, STEVEN ERIC STRAUSS did knowingly and intentionally possess with intent to distribute heroin and methamphetamine, substances controlled under Title 21, United States Code.

    It is further alleged that the offense involved 100 grams or more of a mixture or substance containing a detectable amount of heroin.

    It is further alleged that the offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, optical and geometric isomers, and salts of isomers.

    All in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B).

## COUNT 3

### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

    On or about March 11, 2021, in King County, within the Western District of Washington, STEVEN ERIC STRAUSS did knowingly and intentionally possess a firearm, that is, a Ruger, Model 10/22, .22LR caliber rifle, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, *Possession of a Controlled Substance with Intent to Distribute,* as alleged in Count 2 above.

*United States v. Strauss*
USAO No. 2022R00389 - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

This complaint is to be presented by reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3).

The undersigned complainant, Catherine Cole, being duly sworn, further deposes and states as follows:

## **INTRODUCTION**

I am a Special Agent (SA) with the United States Department of Justice (DOJ), Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since December 2013. I am currently assigned to the Seattle Group V Field Office where I am further assigned to the Puget Sound Regional Crime Gun Task Force (PSRCGTF).

I am a graduate of the Federal Law Enforcement Training Center, Criminal Investigator Training Program, and the ATF National Academy, both in Glynco, Georgia. During this 27-week training, I received instruction relating to the investigation of firearm and explosives violations. Following this training, I received one year of on-the-job training in the field. Prior to this employment, I obtained bachelor's degrees in Political Science with a concentration on international relations and French from Tulane University in New Orleans, Louisiana, and a master's degree in Natural Resource Law Studies from the University of Denver College of Law in Denver, Colorado. During my career with ATF, I have had training and experience investigating violent crimes against persons and crimes against the government. I have been involved in numerous investigations involving the unlawful purchase and/or unlawful possession of firearms and explosives. I have also participated in and executed search and seizure warrants with respect to the illegal possession of firearms and explosives.

This affidavit is made based upon my personal knowledge, training, experience, and investigation, as well as upon information provided to me and my review of reports prepared by other law enforcement personnel. This affidavit is made for the purpose of

*United States v. Strauss*
USAO No. 2022R00389 - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

establishing probable cause for this Complaint and thus does not include each and every fact known to me concerning this investigation.

## SUMMARY OF PROBABLE CAUSE

On March 11, 2021, Washington State Patrol (WSP) Trooper Lawlor was on patrol in his assigned area of King County. At approximately 1842 hours, Trooper Lawlor observed a grey BMW sedan traveling southbound on Interstate-5 (I-5) just north of Northeast 50th Street in the City of Seattle. Trooper Lawlor observed the driver of the sedan make three quick, un-signaled lane changes, attempting to pass through traffic by weaving in and out of the lanes of travel. The driver was next observed swaying back and forth within his own lane upon entering that lane of travel. After making these observations, Trooper Lawlor initiated a traffic stop. Trooper Lawlor noted the BMW bore Washington license plate BWM9599. The driver stopped on Boylston Avenue in Seattle.

Trooper Lawlor contacted the sole occupant and driver, later identified as STEVEN ERIC STRAUSS (DOB: 01/09/1967) from his Washington State driver's license. Trooper Lawlor informed STRAUSS of the reason for the stop and asked him if there was a reason for not signaling his lane changes. STRAUSS responded that he believed he did signal. When asked to provide his license, STRAUSS reached into a red and black backpack that was placed directly behind the driver's seat and pulled out a large rectangular wallet. This backpack was later found to contain the Ruger, Model 10/22, .22LR caliber rifle charged in Count 1.

Trooper Lawlor noted the BMW's rear driver's side window was covered in plastic and had been previously shattered. When asked about the window, STRAUSS reported someone threw a hammer at it while he was at work a few days prior. STRAUSS stated he did not have proof of registration for the car because he was in process of transferring the BMW into his name and claimed he recently purchased the BMW from a woman "up north," but could not provide the seller's name or any

*United States v. Strauss*
USAO No. 2022R00389 - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

additional details.  STRAUSS reported he did not have the title or any paperwork for the BMW with him and stated all of the paperwork was in a hotel room.

Trooper Lawlor ran STRAUSS through a law enforcement database and learned STRAUSS was a convicted felon, having incurred fourteen felony convictions in Washington State and had an arrest record in California.

Trooper Lawlor also ran the BMW's registration through the law enforcement databases and learned the BMW had in fact been reported stolen by the Seattle Police Department on March 4, 2021, under SPD case number 2021-53713.  Trooper Lawlor arrested STRAUSS, who claimed he was unaware the BMW was stolen.  Trooper Lawlor searched STRAUSS incident to arrest and located $4,060 in his right front pocket.  When asked why he had so much cash on his person, STRAUSS replied that he worked for cash. STRAUSS was placed into the back of a patrol vehicle, informed that he was under arrest for Possession of a Stolen Vehicle, and was advised of his constitutional rights.  STRAUSS advised that he understood his rights and he was willing to speak.

Meanwhile, troopers learned that a consent-to-search was given by the registered owner of the BMW.  Following a search of the BMW at the scene, troopers located a Ruger Model 10/22 .22LR caliber rifle inside of the red and black backpack located behind the driver's seat that Trooper Lawlor observed STRAUSS remove his wallet from. Trooper Lawlor knew STRAUSS was a convicted felon and thus is prohibited from possessing firearms.  WSP terminated the search, impounded the BMW, and had it towed to a secure evidence bay.

When asked about the rifle in the backpack, STRAUSS denied the rifle and the backpack were his and claimed there were items in the car that belonged to multiple people and that most of the items in the trunk did not belong to him. STRAUSS reported  several of his friends are homeless and asked if they could keep some of their items in his car.

*United States v. Strauss*
USAO No. 2022R00389 - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

WSP troopers obtained search warrants for the BMW. Items located during the search included, but were not limited to:

- Ruger, Model 10/22, .22LR caliber rifle, with serial number 357-5226 with 25 round capacity magazine loaded with 23 rounds of .22LR caliber ammunition from the red and black backpack on the floor behind the driver seat;
- Approximately 140.2 grams (weighed with packaging) of a white crystalline substance suspected to be methamphetamine, recovered from the black nylon briefcase located on the driver's side rear seat;
- Approximately 300.9 grams (weighed with packaging) of a white crystalline substance suspected to be methamphetamine, recovered from a small striped purse inside the trunk;
- Approximately 88.6 grams (weighed with packaging) of a brown substance suspected to be heroin recovered from the black nylon briefcase located on the driver's side rear seat;
- Approximately 319.9 grams (weighed with packaging) of a brown substance suspected be heroin, recovered from the small striped purse inside the trunk;
- 265 blue pills stamped "M30," suspected to be fake oxycodone fentanyl-laced pills, recovered from the black nylon briefcase located on the driver's side rear seat;
- 2 bags of suspected to be marijuana weighing approximately 281.3 grams, recovered from the trunk;
- $22,955 in U.S. currency, recovered from the small striped purse inside the trunk.
- 3 cell phones: one was attached to a phone mount on the dashboard, the second phone was lying on the passenger seat, and the third was in the

*United States v. Strauss*
USAO No. 2022R00389 - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      center console in the back seat.  All three phones that were located appeared to be in working condition.

- 5 small digital scales; and
- Numerous plastic baggies.

On March 16, 2021, WSP Sergeant P. Stanek selected two of the Ziploc baggies containing suspected narcotics and conducted field testing to determine the presence of illegal narcotics.  One Ziploc plastic baggie contained approximately 303.3 grams of a white, crystalline substance (item #CX9691) and field tested positive for methamphetamine.  The other Ziploc baggie contained approximately 326.2 grams of a brown, chunky substance that field tested positive for Heroin, (item #CX9690).

Sgt. Stanek also measured the dimensions of the recovered rifle.  The overall length of the weapon was measured at 20 3/8 inches and the barrel was measured at 11 ½ inches. Sgt. Stanek noted that Washington State RCW 9.41.190 states that a barrel of a rifle must be over sixteen inches in length and the overall length of the rifle must be at least 26 inches, which is also consistent with Federal law as defined by the National Firearms Act (NFA).

### National Firearm Registration and Transfer Record Inquiry

On April 3, 2022, I requested a query of the National Firearm Registration and Transfer Record (NFRTR), which is the central registry for all items regulated under the NFA, in the name of STRAUSS and for the short-barreled rifle described above.  The result of the query was that there is no record on STRAUSS, or the above-mentioned SBR being or having any weapons registered.

### STRAUSS' Criminal History

I have reviewed STRAUSS' court records and therefore am aware that STRAUSS has an extensive criminal history to include convictions for the following felony offenses:

    i.   *Unlawful Possession of a Firearm in the Second Degree,* in Pierce County Superior Court, under cause number 14-1-04164-2, on or about September 14, 2015; and

*United States v. Strauss*
USAO No. 2022R00389 - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      *ii.*    *Violation of the Uniform Controlled Substances Act Possession of Heroin with Intent to Deliver,* in Pierce County Superior Court, under cause number 14-1-04164-2, on or about September 14, 2015;

### Interstate Nexus of a Firearm.

      I am a certified Interstate Firearms and Ammunition Nexus Expert, and I have been trained in the recognition of firearms and ammunition and their origin of manufacture. On April 5, 2022, I examined photos of the Ruger, Model 10/22, .22LR caliber rifle, bearing serial number 357-52266. Based on the photos and my research of the firearm, it is my opinion that the firearm referenced in Counts One and Four was not manufactured in the state of Washington. Further, based upon my experience, knowledge, and research, it is also my opinion that the above-listed firearm meets the definition of a firearm under Title 18, United States Code, Section 921(a)(3). Lastly, because the above-listed firearm and was not manufactured in the state of Washington, it therefore must have traveled in interstate commerce if it was received or possessed in the state of Washington.

//
//
//

*United States v. Strauss*
USAO No. 2022R00389 - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

Based on the foregoing and my training and experience, I respectfully submit that there is probable cause to believe that STEVEN ERIC STRAUSS committed the offenses set forth above in this Complaint.

CATHERINE COLE
Digitally signed by CATHERINE COLE
Date: 2022.04.06 13:22:00 -07'00'

Catherine Cole
Special Agent, ATF

The above agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on the __7th__ day of April, 2022. Based on the Complaint and the sworn statement, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

_____
MARY ALICE THEILER
United States Magistrate Judge

*United States v. Strauss*
USAO No. 2022R00389 - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970